```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

      Petitioner,

v.                                  Case No:   2:21-cv-719-JES-KCD

H.E. SUTTON FORWARDING CO.,
LLC, D/B/A TEX SUTTON
EQUINE AIR TRANSPORTATION,

      Respondent.

_____

## OPINION AND ORDER

This case comes before the Court on petitioner's Motion for Summary Judgment (Doc. #24) filed on April 26, 2022. A Response and a Reply were filed. (Doc. ## 28, 29.) For the reasons set forth below, the motion is **DENIED**.

### I.

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies,

Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson, 357 F.3d at 1260 (quoting Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from

undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts.")).

## II.

Petitioner Travelers Property Casualty Company of America (Travelers) brings this action for declaratory relief, pursuant to 28 U.S.C. § 2201.  Travelers seeks a declaration that it has no duty to defend and no duty to indemnify respondent H.E. Sutton Forwarding Co., LLC, doing business as Tex Sutton Equine Air Transportation (Tex Sutton) in a particular lawsuit.  The following facts are undisputed.[1]

On March 12, 2020, Antonio de Jesus Zepeda (Mr. Zepeda) was injured when operating a tractor trailer in the course of his employment with Brook Ledge Horse Transportation.  (Doc. #24, ¶ 1; Doc. #1-2.)  Mr. Zepeda was picking up horses and equipment for his employer from an aircraft at Blue Grass Airport in Lexington,

---

[1] Tex Sutton failed to respond to Travelers' statement of material facts as required by the Case Management and Scheduling Order.  (Doc. #22, p. 4.)  Travelers' statement is supported by the record and the material facts of the case are largely undisputed.

3

Kentucky.  (Doc. #1-2, ¶¶ 12-14.)  The aircraft – a Boeing 727-200 known as "Air Horse One" – was owned by Kalitta Charters, II, LLC (Kalitta) and chartered by Tex Sutton.  (Doc. #24, ¶ 2; Doc. #24-1.)  After picking up his load, Mr. Zepeda began exiting the premises and, due to an obscured view, collided with the aircraft's wing and sustained injuries.  (Doc. #1-2, ¶¶ 17-19.)

On August 31, 2020, Mr. Zepeda and Victoria Zepeda (the Underlying Plaintiffs) filed a personal injury action, *Antonio DeJesus Zepeda v. H.E. Sutton Forwarding Co., LLC, et al.*, Case No. 20-CI-02602, Fayette Circuit Court Division, Commonwealth of Kentucky (the Underlying Action).  (Doc. #24, ¶ 3; Doc. #1-2.)  In the Underlying Action, the Underlying Plaintiffs seek damages from Tex Sutton for negligence; negligent hiring, retention, entrustment, supervision and training; negligent infliction of emotional distress; and gross negligence, willful or wanton misconduct, malice and recovery of punitive or exemplary damages.

Relevant to this lawsuit is an Excess Follow-Form and Umbrella Policy (Excess Policy) issued by Travelers to Clark Aviation Corporation ("Clark") for a period of May 21, 2019 through May 21, 2020. (Doc. #24, ¶ 4; Doc. #24-2.)  The Excess Policy includes two separate coverage parts, Coverage A – Excess Follow-Form Liability

4

and Coverage B – Umbrella Liability.² (Doc. #24-2, pp. 11-13.)

Coverage A of the Travelers Excess Policy provides:

> **SECTION I - COVERAGES**
> **A. COVERAGE A - EXCESS FOLLOW-FORM LIABILITY**
>
> 1. We will pay on behalf of the insured those sums, in excess of the "applicable underlying limit", that the insured becomes legally obligated to pay as damages to which Coverage A of this insurance applies, provided that the "underlying insurance" would apply to such damages but for the exhaustion of its applicable limits of insurance. If a sublimit is specified in any "underlying insurance", Coverage A of this insurance applies to damages that are in excess of that sublimit only if such sublimit is shown for that "underlying insurance" in the Schedule Of Underlying Insurance.
>
> 2. Coverage A of this insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the "underlying insurance", except with respect to any provisions to the contrary contained in this insurance [emphasis added].

(Id. p. 11.)

Coverage A is subject to the Aircraft Liability Exclusion:

---

² The Court omits facts related to Coverage B. (Doc. #24-2, p. 12.) Travelers argues that Coverage B does not apply to Tex Sutton because Tex Sutton was not listed as a "Named Insured" for purposes of Coverage B. Tex Sutton does not dispute this conclusion. Grant v. Maiami-Dade Cnty., No. 13-22008-CIV, 2014 WL 7928394, at *9 (S.D. Fla. Dec. 11, 2014), aff'd sub nom. Grant v. Miami-Dade Cnty. Water & Sewer Dep't, 636 F. App'x 462 (11th Cir. 2015) (citing Mitchell v. ConAgra Foods, Inc., 448 F. App'x 911, 914 (11th Cir. 2011)) ("Where a plaintiff fails to respond to an argument in a motion for summary judgment, he waives the argument.")

5

> With respect to **COVERAGE A – EXCESS FOLLOW-FORM LIABILITY**, the following exclusion is added to **SECTION IV -EXCLUSIONS**:
>
> **Aircraft**
> Damages arising out of the ownership, maintenance, use or entrustment to others of any aircraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading". This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft that is owned or operated by or rented or loaned to any insured.

(Id. p. 42.) Coverage A is also subject to the Air Products and Grounding Exclusion:

> 1. The following exclusion is added to Paragraph A. of **SECTION IV – EXCLUSIONS**:
>
> **Aircraft Products and Grounding**
> Damages arising out of any "aircraft product" or the "grounding" of any aircraft.
>
> 2. The following is added to Paragraph A. of **SECTION VI – DEFINITIONS**:
>
> "Aircraft product" means:
>
> a. Aircraft, including missile or spacecraft, and any ground support or control equipment used with any aircraft, missile or spacecraft.

(Id. pp. 43.)

The underlying insurance to the Excess Policy is Policy No. 3589-79-35 ECE (Underlying Policy), which was issued by Federal Insurance Company (Chubb) to Clark. (Id. p. 64.) On February 25,

6

2021, Tex Sutton requested coverage under the Underlying Policy and the Excess Policy for the damages sought in the Underlying Action. (Doc. #1, ¶ 17; Doc. #8, ¶ 17.) Chubb agreed to defend Tex Sutton under a reservation of rights. (Doc. #24, ¶ 14, Doc. #28, ¶ 8.) Travelers, also reserving its rights, recognized that Tex Sutton was a covered insured for purposes of Coverage A because Tex Sutton was a covered insured under the Underlying Policy, but advised Tex Sutton that coverage was barred based on the aircraft exclusions. (Doc. #1, ¶ 11; Doc. #8, ¶ 11; Doc. #1-4, p. 9.)

### III.

**A.  Ripeness**

As an initial matter, the Court discusses Tex Sutton's argument that the action is not ripe. Specifically, Tex Sutton argues that Travelers' duty to defend claim is not ripe because the limits of liability of the Underlying Policy have not yet been exhausted, and therefore there is no need to resort to the "excess" policy. (Doc. #28, pp. 7-8.)

Travelers brings its claim pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Tex Sutton has already made a formal request for Travelers to provide coverage in the Underlying Action, and the request has been denied. (Doc. #1-3; Doc. #1-4.) There is an actual controversy within the meaning of the Declaratory Judgment Act. E.g., Houston Specialty Ins. Co. v. Titleworks of Sw. Fla., Inc., No. 2:15-CV-219-FTM-29, 2015 WL

7

5599175, at *3 (M.D. Fla. Sept. 22, 2015) ("In the context of an insurance coverage dispute, a plaintiff-insurer typically demonstrates the existence of a justiciable controversy by alleging that the insured has made a demand for coverage under the insurance policy or that the insured is liable to an injured party.")  The Court therefore rejects Tex Sutton's ripeness argument.

B. **Policy Exclusions**

The Court starts with Travelers' duty to defend because, "[u]nder Florida law, an insurer's duty to defend is separate and distinct from its duty to indemnify, and it is more extensive." Advanced Sys., Inc. v. Gotham Ins. Co., 272 So. 3d 523, 526-27 (Fla. 3d DCA 2019) (citation omitted).[3]  "A liability insurer's obligation, with respect to its duty to defend, is not determined by the insured's actual liability but rather by whether the alleged basis of the action against the insurer falls within the policy's

---

[3] "In a contract action, a federal court sitting in diversity jurisdiction applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result." Tech. Coating Applicators, Inc. v. U.S. Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998).  Florida courts apply the rule of lex loci contractus, which "provides that the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage." State Farm Mut. Auto. Ins. Co. v. Roach, 945 So. 2d 1160, 1163 (Fla. 2006).  Travelers states (and Tex Sutton does not dispute) that the Excess Policy was issued and delivered to Clark, a Florida corporation, in Florida.  (Doc. #24, p. 7, n.2.)  Both parties also apply Florida law.

8

coverage." Id. (citation omitted).  "If the allegations in the complaint state facts that bring the injury within the policy's coverage, the insurer must defend regardless of the merits of the lawsuit." State Farm Fire & Cas. Co. v. Steinberg, 393 F.3d 1226, 1230 (11th Cir. 2004); see also Biltmore Const. Co., Inc. v. Owners Ins. Co., 842 So.2d 947, 949 (Fla. 2d DCA 2003) ("An insurer's duty to defend a complaint depends solely on the allegations in the complaint filed by a third party against the insured.").[4] "Even where the complaint alleges facts partially within and partially outside the coverage of a policy, the insurer is nonetheless obligated to defend the entire suit, even if the facts later demonstrate that no coverage actually exists." Advanced Sys., 272 So. 3d at 527 (citation omitted).

There is no dispute that Tex Sutton qualified as a covered insured under Coverage A.  (Doc. #24, ¶ 15; Doc. #28, ¶ 4.) Travelers, however, argues that it has no duty to defend because of the Aircraft Liability Exclusion and the Air Products and Grounding Exclusion.[5]  (Doc. #24, pp. 10-15.)

---

[4] Tex Sutton argues that Mr. Zepeda's deposition creates a genuine dispute of fact on the duty to defend.  The Court does not consider the deposition since the duty to defend is based solely on the allegations in the complaint.

[5] Travelers only analyzes the Aircraft Liability Exclusion, arguing that the Air Products and Grounding Exclusion applies for the same reason.  Because the parties do not analyze the Air

The party relying on an exclusion to deny coverage "has the burden of demonstrating that the allegations of the complaint are cast solely and entirely within the policy exclusion and are subject to no other reasonable interpretation." Advanced Sys., 272 So. 3d at 527 (quotation omitted). Travelers argues that the Aircraft Liability Exclusion applies because, in the Underlying Action, the Underlying Plaintiffs seek damages "arising out of" the use of an aircraft rented by Tex Sutton. (Doc. #24, p. 10.)

"The term 'arising out of' is broader in meaning than the term 'caused by' and means 'originating from,' 'having its origin in,' 'growing out of,' 'flowing from,' 'incident to' or 'having a connection with.'" Sierra Auto Ctr., Inc. v. Granada Ins. Co., 317 So. 3d 1220, 1222 (Fla. 3d DCA 2021), review dismissed, No. SC21-843, 2021 WL 3855694 (Fla. Aug. 30, 2021) (quoting Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co., 913 So. 2d 528, 539 (Fla. 2005)). "[T]his requires more than a mere coincidence between the conduct and the injury. It requires some causal connection, or relationship. But it does not require proximate cause." Taurus, 913 So.2d at 539-40 (cleaned up).[6]

---

Products and Grounding Exclusion separately, the Court does not do so either.

[6] Tex Sutton argues that the Court should apply the three-part Race test when analyzing the "arising out of" language. See Race v. Nationwide Mut. Fire Inc. Co., 542 So.2d 347 (Fla. 1989). In Race, the Supreme Court of Florida (in dicta) cited an insurance treatise which detailed "three rather interesting rules" that

10

Given the allegations of the Underlying Action, the Aircraft Liability Exclusion applies.  The Aircraft Liability Exclusion excludes damages arising out of the use of any aircraft "rented" by the insured.  There is no dispute that Tex Sutton was renting the aircraft with which Mr. Zepeda collided.  (Doc. #24-1.)  The Aircraft Liability Exclusion clarifies "use" to include "operation and 'loading or unloading.'"  (Doc. #24-2.)  There is no dispute that Tex Sutton loaded horses into Mr. Zepeda's tractor trailer and Mr. Zepeda's injuries were connected to that unloading and loading.  The Aircraft Liability Exclusion further excludes claims against the insured for "negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured if the 'occurrence' which caused the 'bodily injury' . . . involved the . . . use . . . of any aircraft."  (Id.)  There is no dispute that the Underlying Plaintiffs seek damages for bodily injury related to Tex Sutton's failure to maintain a safe premises when unloading and loading from the aircraft, i.e.,

---

courts have followed when determining whether injuries resulting from an automobile accident were "arising out of" the ownership, maintenance, or use of the vehicle.  Id. at 349 (citing Appleman, Insurance Law and Practice, § 4317 (Buckley ed. 1979).  After Race, the Supreme Court in Taurus, 913 So. 2d at 539, although approvingly citing Race, did not apply any three-part test and clarified its interpretation of "arising out of" language in exclusionary clauses.  The Court therefore follows Taurus.

11

damages arising from the "use" of the aircraft. The Aircraft Liability Exclusion therefore applies to this case.

### C. Illusory Coverage

Tex Sutton asserts, however, that summary judgment should be denied because Travelers' interpretation of the Aircraft Liability Exclusion "would render the coverage illusory." (Doc. #28, p. 14.) Tex Sutton asserts that, because Travelers sold the policy to an aviation company (Clark) with an endorsement to another aviation company (Tex Sutton), Travelers' interpretation of the Aircraft Liability Exclusion "would eliminate virtually all coverage" because Tex Sutton's entire business involves the use of an aircraft. (Id.)

"Coverage is illusory under Florida law only if the insurance policy grants coverage with one hand and then with the other completely takes away the entirety of that same coverage." Travelers Indem. Co. of Connecticut v. Richard McKenzie & Sons, Inc., 10 F.4th 1255, 1265-66 (11th Cir. 2021). "'A policy is illusory only if there is an internal contradiction that **completely** negates the coverage it expresses to provide,' or if the exclusion '**completely** swallow[s] the insuring provision.'" Id. (quoting Warwick Corp. v. Turetsky, 227 So. 3d 621, 625-26 (Fla. 4th DCA 2017)) (emphasis in original); e.g., Certain Underwriters at Lloyds, London Subscribing to Policy No. SA 10092-11581 v. Waveblast Watersports, Inc., 80 F. Supp. 3d 1311, 1318-19 (S.D.

12

Fla. 2015) (policy illusory where it covered parasailing but excluded watercrafts).  If a policy is illusory, the policy is deemed ambiguous, and the ambiguity is resolved by ignoring the exclusion that negates coverage.  Richard McKenzie & Sons, 10 F.4th at 1265.

The intent of Coverage A is to provide excess liability coverage to the insured provided that the "underlying insurance" would apply to such damages.  (Doc. #24-2, p. 11.)  The Underlying Policy is not part of the record, so the Court cannot determine, as a matter of law, whether the policy is or is not illusory.[7]  For example, if the intent of the Underlying Policy is to cover Tex Sutton's liabilities arising out of the use of an aircraft, the Aircraft Liability Exclusion would completely negate any claim for excess coverage, rendering the policy "complete nonsense." Purrelli v. State Farm Fire & Cas. Co., 698 So. 2d 618, 620 (Fla. 2d DCA 1997) (citation omitted) (policy which purported to cover certain intentional torts, but excluded intended acts, illusory).

---

[7] Unlike other cases, Travelers has not provided an example of how it may be liable under the policy to demonstrate that the policy is not illusory.  E.g., Warwick, 227 So. 3d at 626 (insurer "proposed at oral argument several examples for which it could be liable under the policy"); AIX Specialty Ins. Co. v. Members Only Mgmt., LLC, 793 F. App'x 1001, 1004 (11th Cir. 2019) (discussing ways an insurer may be liable to an establishment that allowed patrons to bring alcohol despite liquor liability exclusion).

In such a situation, the insurance policy would be deemed ambiguous, and the exclusion ignored.

While in the final analysis the policy may not be illusory, Travelers has not carried its summary judgment burden of showing that there are no genuine material issues which may be resolved as a matter of law. The motion is therefore denied.[8]

Accordingly, it is now

**ORDERED:**

Petitioner's Motion for Summary Judgment (Doc. #24) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of August, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

[8] Travelers' motion relating to the duty to indemnify is based on the lack of a duty to defend. E.g., WellCare of Fla., Inc. v. Am. Int'l Specialty Lines Ins. Co., 16 So. 3d 904, 907 (Fla. 2d DCA 2009). Because the Court denies the motion as to the duty to defend, it similarly denies the motion as to the duty to indemnify.